Wickham, J. (orally).
The questions presented to the court, and argued by counsel arise upon an objection to the introduction of certain testimony. I have not the record before me with reference to the particular question, and I am not able now to give it in its exact language, but I think the question asked the witness was,- in substance, what his reasons were for not demanding an appraisal’ of the amount of the loss.
It is regretted somewhat by the court that we can not have a longer time to consider this question; but, in the trial of jury eases, questions are sometimes presented that require determination without giving the court a great length of time, or a very good opportunity, to investigate the law applicable to *242 the question, and it is not as satisfactory to the court as it is when the court has plenty of time to study the question.
In our view, the question involves several branches. The first is: was there a disagreement between the insurer and the insured about the amount of the loss ? That question is answered by a paragraph in a letter that was written by the insurer to the insured.
Before coming to that, however,' we will refer to the printed record in this case, handed to us by counsel, page 24, as to one of the provisions of the policy. It is provided in this language:
‘ ‘ In .the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and'disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraisers respectively selected by them and shall bear equally the expense of the appraisal and umpire.”
In 'the letter written by the insurer to the plaintiff upon the receipt of the proofs of loss which were sent to the defendant by the insured, we find this paragraph under No. 5:
“This company does not agree with you as to the amount of cash value, loss and salvage to the property insured, and denies that the cash value is $6,500, salvage $2,500 and loss $4,000, but contends that the cash value and loss is materially less than the above figures, and the salvage much larger.”
In the proof of loss, the plaintiff stated that the cash value of the property was $6,500; that the salvage was of the value of $2,500, and by a simple process of subtraction the loss was found to be $4,000.
In reply to that, the company says that it does not agree with the insured that the loss is $4,000, because the ‘ ‘ cash value and loss is materially less than the above figures, and the salvage much larger. ”'
There can be but one .construction put upon the language,, and that is, that the insurance- company did not agree with the *243 plaintiff about the amount of the loss. Under the conditions .of. the policy, then, it calls for an appraisal.
The next question is: what are the duties imposed upon the insured by the terms of the contract?
We refer to the Carnahan case, decided by the Supreme Court, 63 Ohio State, 258, which is familiar to counsel, and, I might say in deciding the question, that many of the facts are agreed to by counsel in this case. The policy is offered in evidence, and there can not be any dispute about it; and many other facts are agreed on between counsel.
The fifth paragraph of the syllabus in the Carnahan case in' the 63 Ohio State, page 258, reads as follows:
“A condition in a policy of insurance against fire, that in case of loss and a disagreement or difference between the parties as to the amount of the'loss that amount shall be ascertained, by arbitration or appraisal, is a proper and valid condition; and where it is also provided that the condition as to arbitration or appraisal must be complied with before a suit can be brought against the insurer, the condition is thereby made a condition precedent, and to entitle the insured to maintain an action to recover under the policy, he must show that he has either performed the condition or has a legal excuse for non-performance" thereof.” • •
It is incumbent, then, upon the plaintiff, in an action to recover upon the policy, to show that he has complied with all the conditions of the policy, and especially with the condition in regard to the appraisal of the amount of the loss.
The second paragraph of the syllabus in the Graham case in 75 Ohio State, page 374, is in the same line:
‘ ‘ In such a policy the words ‘ including an award by appraisers when appraisal is. required,’ do not impose any obligation on the insurer to demand an appraisal; but in the event of a disagreement between the insurer and the insured as to the ¿mount of loss, an appraisal is required by the terms of the contract, and in a suit on the policy the burden lies upon the insured to show that he has on his part performed or offered to perform the condition as to the appraisal.”.
There was no appraisal of the amount of the loss in this case.
So that we see, from these decisions of the Supreme Court, *244 under a policy such as the one upon which this suit is predicated, or these two policies rather, the duty was imposed upon the insured to demand an appraisal, unless it had a legal excuse therefor. •
The' next question is: was there a legal excuse upon the part of! the plaintiff for failing to demand an appraisal?
There was no demand by the insured forjan appraisal of the amount of the loss -in this case’ The question is: was there’a legal excuse upon the part of the insured for failing to demand an appraisal of the amount of the loss? The plaintiff claims that there was a legal excuse, because, as it says, 1st, there was a denial of liability; and, 2d, because of the conduct of the company, which was calculated to mislead the plaintiff.
This brings us to the next question: was there a denial of liability?
The only communications that passed between the plaintiff and the defendant are in writing—letters written by the defendant to the plaintiff, and by the plaintiff to the defendant.
On page 88 of the record we have a copy of the letter that was sent by the defendant, the German American Insurance Company, to the plaintiff. This is the language that counsel for plaintiff claim amounts to a denial of liability:
“From the information before us we believe the entire loss and damage to have been caused by a cyclone and not by lightning. ’ ’
The policy did not insure against damage by cyclone, but did insure against damage by lightning.
It is argued that, by stating that according to 'their belief the damage was caused by cyclone and not by lightning, it amounts to a denial of liability. We do not so understand this language. The language is: “from the information before us.” It is tantamount to a statement that, from all we can learn, .or, from the best information before us, we are of the opinion that the damage was caused by cyclone, and not by lightning. There is nothing said that would preclude the defendant company from changing its opinion upon the receipt of additional evidence or information that the loss was occasioned by some other means, *245 or in some other way, than by cyclone. It falls far short of , a denial of liability.
Now, this conclusion which we come to makes it unnecessary for us to refer to the cases cited by counsel which hold that a denial of liability excuses or amounts to a waiver of the conditions of the policy.
It is argued by counsel.for the plaintiff that there was a denial of liability, and that, by reason of the denial of liability, the plaintiff was relieved from a demand of an appraisal; or, in other words, that there was a waiver of that condition of the policy which provides for an appraisal; and they cite a number of authorities foreign to Ohio, and some in Ohio, perhaps; but our conclusion upon that clause of the letter makes it unnecessary to refer to those authorities or to consider them.
It is claimed by counsel for the plaintiff that there was a denial of liability and, in addition, that the defendant was guilty of conduct, under the then existing circumstance's, which would induce a belief on the part of the insured that the defendant would not comply with the provisions of the policy in regard to an appraisal; and the further question is: did such conduct and statements, under the circumstances, cause the insured so to believe ?
Preliminary to a determination of this matter, is this question, and it is the most difficult one that we have had to consider;' that is, is this a matter for the court or the jury to determine ? There is no dispute about what was said for the jury to determine. What was said is in writing, and is introduced in evidence in the form of the letters spoken of. From a consideration of the letters—the language in the letters—under the circumstances the question is: is the jury to determine whether that language was such as to induce the belief that the defendant had waived that condition of the policy?
It involves a consideration of the language of the letter, in the . light of the circumstances surrounding the parties at the time.
Our conclusion, upon a consideration of the question is: that it is not a question for the jury to determine, but that it is a question for the court to determine.
*246 I can see how a question of that kind, under some state of circumstances, might be a question for the jury to determine, and, probably, in a majority of cases, it would be; but our conclusion is, as I have stated, that, in this case, this question is one for the court.
Now, is the statement in this letter one that would induce and have a tendency to produce a belief on the part of the person receiving it, that the defendant company had waived the condition of the policy?
“From the information before us we believe the entire loss and damage to have been caused by a cyclone and not by lightning. ’ ’
No adjuster was sent by the company to appraise the amount of the loss; no demand was made for an appraisal. We are unable to see how that could produce the belief or have the effect of producing in the mind the belief that the insurance company had waived any of the conditions of the policy.
The result of our consideration is that it is not competent to admit in evidence the testimony of the witness as to what his reasons were, or what he thought, or why he failed to demand an appraisal of the amount of the loss of the property. The duty was imposed upon the insured to demand an appraisal. The language of the letter was not such as would reasonably cause a person to believe that the company had waived any of the provisions of the policy; and, under the decisions of the Supreme Court in the 75 and 63 Ohio State Reports, no right of action could accrue to the plaintiff until that demand had been made, and the terms of the policy in that respect complied with.
Our conclusion is that the objection should be sustained.